UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Derek Mortland**, | ) |
| Plaintiff, | ) Case No. 3:20-cv-2567 |
| v. | ) Judge **Jeffrey J. Helmick** |
| **Holland Hospitality LLC**, an Ohio limited liability company | ) |
| And | ) |
| **WFCM 2017-C39 Toledo Hotel LLC**, a Delaware Limited Liability Company | ) |
| Defendants. | ) |

### AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

NOW COMES Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Amended Complaint against the named Defendants, Holland Hospitality LLC and WFCM 2017-C39 Toledo Hotel LLC for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

1

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland"), is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Holland Hospitality LLC** built, performed alterations and formerly owned the property located at 5685 Benore Rd, Toledo, OH 43612 in Lucas County, Ohio, which is a hotel known as "**Fairfield Inn & Suites by Marriott Toledo North**." Plaintiff patronized Defendant's property and the facilities thereon as an overnight guest during the pendency of this Defendant's ownership of this place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant WFCM 2017-C39 Toledo Hotel LLC, purchased the property located at 5685 Benore Rd, Toledo, OH 43612 in Lucas County, Ohio, which is a hotel known as "Fairfield Inn & Suites by Marriott Toledo North" at sheriff's sale on or about July 28,

2

2021. The deeded ownership transferred into Defendant WFCM 2017-C39 Toledo Hotel LLC's name on or about September 2, 2021.

7. The hotel owned or operated by the Defendant WFCM 2017-C39 Toledo Hotel LLC was originally built by the Defendant Holland Hospitality LLC commencing in 2005 and granted permits for occupancy in 2008 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. The defendant Holland Hospitality LLC further altered the parking and exterior sidewalk routes of the hotel sometime between February 1, 2021 and April 21, 2021. As the Defendants either built, altered, previously owned, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' hotel (or in the case of Defendant Holland Hospitality LLC formerly its hotel) is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Mortland is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on

        inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in Northwest Ohio. He travels to Toledo and Northwest Ohio many times annually for business.

10. On July 16, 2020, while traveling to conduct business locally, Plaintiff patronized the Defendant Holland Hospitality LLC's hotel as an overnight guest.

11. On October 28, 2021 while traveling for personal business, Plaintiff patronized the Defendant WFCM 2017-C39 Toledo Hotel LLC's hotel and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

12. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

13. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible

features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as bona fide customer and as a "tester," visited the hotel, encountered barriers to access at the hotel, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant WFCM 2017-C39 Toledo Hotel LLC's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant WFCM 2017-C39 Toledo Hotel LLC's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

15. Both the Defendants have discriminated against the Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

17. A preliminary inspection of the hotel formerly owned, currently owned or operated by

Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes

A. There are carpets or mats inside the hotel that are not securely affixed and exposed edges of carpet are not fastened to floor surfaces, in violation of the ADA whose remedy is readily achievable.

B. There is no accessible route from designated accessible parking to points of entry due to cracks and changes in level on sidewalks, in violation of the ADA whose remedy if readily achievable.

C. There is no accessible route from designated accessible parking to points of entry due excess slope on the curb ramps leading from accessible parking, in violation of the ADA whose remedy if readily achievable.

D. The ground surface and sidewalks leading from parking and continuing until immediately in front of the lobby entrance door has an excess cross slope of between 6.5% to 7.3%, in violation of the ADA whose remedy if readily achievable.

E. The accessible route from the designated accessible parking to the points of entry contain cracks and changes in level in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

F. There are ground surfaces at the landings of doorways with slopes ranging from 9% up to 14.2%, in violation of the ADA whose remedy is readily achievable.

G. There are not 60% of entrances that are accessible, in violation of the ADA. This is in large part due to ground surfaces at the landings of doorways with slopes ranging from 9% up to 14.2%, in violation of the ADA whose remedy is readily achievable.

Parking and Passenger Loading Zones

H. The passenger loading zone is not marked with a required access aisle and is excessively sloped, in violation of the ADA whose remedy is readily achievable.

I. The existing designated accessible parking contains signage mounted below the required height range, in violation of the ADA whose remedy is readily achievable.

J. The existing designated accessible parking access aisles do not lead to an accessible route due to changes in level in excess of ¼ inch at curb ramps, in violation of the ADA whose

remedy is readily achievable.

K.  Designated accessible parking surfaces have cracks and changes in level as well as excess slope, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #130

L.  The designated accessible guestroom does not have required signage identifying it as a guestroom equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

M.  The lock on the guestroom door is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

N.  The entrance door to the guestroom requires more than 5lbs of force to open, in violation of the ADA whose remedy is readily achievable.

O.  The deadbolt on the bathroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

P.  The bedside lamp requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Q.  Some lamps in the room contain operable parts located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

R.  The bathroom floor surface has excess ground surface slope, in violation of the ADA whose remedy is readily achievable.

S.  The bathroom sink impedes the required 60 inch minimum clear opening width and maneuvering clearance to access the roll-in shower (reducing the clearance to 32 ½ inches), in violation of the ADA whose remedy is readily achievable.

T.  The roll-in shower grab bars are mounted in excess of 33 inches minimum to 36 inches maximum to the top of the grab bar surface, in violation of the ADA whose remedy is readily achievable.

U.  There is not 60 inches of clear floor space around the water closet because the bathroom sink overlaps and reduces clearance to 43 inches, in violation of the ADA whose remedy is readily achievable.

V.  The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

W.  The toilet paper dispenser is not mounted in the required location, in violation of the

ADA whose remedy is readily achievable.

X. The bathroom phone is mounted 4 inches above the side grab bar impeding its use, in violation of the ADA whose remedy is readily achievable.

Y. The fixed folding shower seat does not have the required depth and width dimensions, in violation of the ADA whose remedy is readily achievable.

Z. The handheld shower sprayer is mounted in excess of 48 inches above the finished floor which is the maximum required height range and it is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

AA. The opening for the roll-in shower is less than 60 inches in width, in violation of the ADA whose remedy is readily achievable.

BB. There are bathroom and guestroom amenities, including ironing board, iron, and hair dryer, and others, located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

CC. The bathroom mirror located above the vanity is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

DD. The guestroom closet opening does not meet the required width for access by guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

EE. The guestroom refrigerator is located on the floor and its operable parts are situated below 15 inches above the finished floor which is the minimum reach range operable parts must be located, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #321

FF. There are amenities throughout the guest room mounted in excess of accessible reach range of 48 inches as above the finish floor, including coffee maker, ice bucket and others, in violation of the ADA whose remedy is readily achievable.

GG. The bathtub grab bars are non-compliant length and locations, in violation of the ADA whose remedy is readily achievable.

HH. Clearance in front of the bathtub does not extend the length of the bathtub and is not 30 inches wide minimum, in violation of the ADA whose remedy is readily achievable.

II. Access to the bathtub fixed seat is impaired by the sink, in violation of the ADA whose remedy is readily achievable.

JJ. There is a grab bar located above the permanent fixed bathtub seat, in violation of the ADA whose remedy is readily achievable.

KK. The faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

LL. The side grab bar of the water closet does not extend the required minimum length from the rear wall, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #234

MM. The bathtub grab bars are non-compliant length and locations, in violation of the ADA whose remedy is readily achievable.

NN. Clearance in front of the bathtub does not extend the length of the bathtub and is not 30 inches wide minimum, in violation of the ADA whose remedy is readily achievable.

OO. Access to the bathtub fixed seat is impaired by the sink, in violation of the ADA whose remedy is readily achievable.

PP. There is a grab bar located above the permanent fixed bathtub seat, in violation of the ADA whose remedy is readily achievable.

QQ. The faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

RR. The side grab bar of the water closet does not extend the required minimum length from the rear wall, in violation of the ADA whose remedy is readily achievable.

SS. There is not 60 inches of clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

TT. The shower spray unit requires tight clasping to operate its features and it is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

UU. The toilet paper dispenser is not located 7 to 9 inches in front of the toilet bowl, in violation of the ADA whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

VV. Upon information and belief, there are designated accessible guestrooms

9

    disbursed among the various classes of guestrooms, whereas the property offers king, two queen, suites, and Whirlpool rooms, and like hotel guest room #130, 321 and 234 these guest rooms also were not constructed in compliance with the ADA's implementing regulations and must be remedied.

WW. Upon information and belief, the hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 80 guestrooms as Fairfield Inn & Suites by Marriott Toledo North, there must be a minimum of four mobility accessible guestrooms without a roll-in shower and a minimum of one mobility accessible guestroom with a roll-in shower, totaling five guestrooms.

Access to Goods and Services

XX. There is not the required clear floor space to access the life preserver in the pool area and it is mounted in excess of the allowable reach range above the finish floor, in violation of the ADA whose remedy is readily achievable.

YY. The guest laundry lacks required maneuvering clearance at the latch side to exit the room, in violation of the ADA whose remedy is readily achievable.

ZZ. The emergency phone in the guest laundry as well as in the swimming pool is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

AAA. There is not at least 5% of seating and standing dining surfaces that are accessible in the lobby or dining areas, in violation of the ADA whose remedy is readily achievable.

BBB. There are hand sanitizer dispensers offered throughout the hotel whose operable parts are mounted in excess of maximum allowable reach range, in violation of the ADA whose remedy is readily achievable.

CCC. In the fitness room there is not the required clear floor space at exercise machines and equipment provided to allow for transfer or for use by an individual seated in a wheelchair.

Lobby Restrooms:

DDD. Hand sanitizer is located above allowable reach range in the men's restroom to its operable parts, in violation of the ADA whose remedy is readily achievable.

EEE. There are exposed pipes at the lavatories in the men's restroom that are not insulated to protect for scalding or contact, in violation of the ADA whose remedy is

readily achievable.

FFF. The mirror in the men's restroom is mounted above the required height, in violation of the ADA whose remedy is readily achievable.

GGG. The flush control on the water closet in the men's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

HHH. The water closet side grab bar located in the men's lobby restroom does not extend 54 inches minimum from the rear wall.

III. The toilet paper dispenser in the men's restroom toilet compartment is not mounted in the required location 7 to 9 inches in front of the rim of the toilet, in violation of the ADA whose remedy is readily achievable.

JJJ. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

KKK. The lavatory pipes in the unisex restroom are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

LLL. The mirror in the unisex restroom is located above allowable height, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

MMM. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

NNN. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

18. The discriminatory violations described in Paragraph 17 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant WFCM 2017-C39 Toledo Hotel LLC's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services;

11

activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant WFCM 2017-C39 Toledo Hotel LLC's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>**COUNT I**</u>
**<u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT AS TO DEFENDANT WFCM 2017-C39 TOLEDO HOTEL LLC</u>**

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The hotel at issue, as owned or operated by Defendant WFCM 2017-C39 Toledo Hotel LLC, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant WFCM 2017-C39 Toledo Hotel LLC's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant WFCM 2017-C39 Toledo Hotel LLC will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant WFCM 2017-C39 Toledo Hotel LLC is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

23. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant WFCM 2017-C39 Toledo Hotel LLC to make all strictly required alterations, as well as those readily achievable alterations, as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

<u>**COUNT II**</u>
<u>**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**</u>
<u>**O.R.C. §4112.01 et seq. AS TO THE DEFENDANT HOLLAND HOSPITALITY LLC**</u>

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25. The Defendant Holland Hospitality LLC was the proprietor, keeper or manager of a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9). Specifically, the Fairfield Inn & Suites by Marriott Toledo North between 2005 and July 28, 2021.

26. The Plaintiff was an overnight hotel guest of the property on July 16, 2020 during the relevant period of time in which Defendant Holland Hospitality LLC was the proprietor, keeper or manager of the hotel.

27. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendant's acts are willful, severe and ongoing. Upon information and belief, the hotel was originally built

13

by the Defendant commencing in 2005 and granted permits for occupancy in 2008, requiring that it be fully compliant with at minimum the 1991 ADA Standards for Accessible Design. Further, Defendant failed to maintain its accessible features, including letting concrete settle and crack along accessible routes. Furthermore, at some point between the dates of February 1, 2021 and April 12, 2021 the Defendant altered the concrete sidewalks to the property and the new pavement is not compliant with the ADA regulations or Ohio or ANSI building codes.

28. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant WFCM 2017-C39 Toledo Hotel LLC to make all strictly required alterations, as well as those readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, against the Defendant Holland Hospitality LLC.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.

    The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com